IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| VALERIE HESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16CV410 |
| | ) | |
| CAROLYN W. COLVIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court upon *pro se* Plaintiff Valerie Hester's application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). (Docket Entry 8.) Plaintiff has also filed additional documents before the Court whereby Plaintiff seeks an expedited ruling (Docket Entries 5, 12, 15) and copy of her complaint (Docket Entry 16).[1] For the reasons that follow, the Court will grant Plaintiff IFP status for the sole purpose of entering this Order and recommend that the Complaint be dismissed as frivolous. The remaining motions will be denied as moot.

Plaintiff seeks IFP status, thus the Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.,* 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an

---

[1] The Court has docketed this documents as motions.

arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id*. The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be construed liberally and "must be held to less stringent

2

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted).

Here, Plaintiff's complaint (and a plethora of supplemental documents) mostly lacks sufficient, coherent factual allegations to support a plausible claim against Defendants. Although somewhat incomprehensible, the root of Plaintiff's action seems to stem from her disagreement with the Court's ruling on its review of a final decision of the Commissioner of Social Security denying her disability claim. In that action, the Court adopted the recommendation of the undersigned to reverse the Commissioner's decision and remand the matter to the Administrative Law Judge for further proceedings. *See Hester v. Colvin*, No. 1:14CV751, 2016 WL 5477614, at *2 (M.D.N.C. Sept. 29, 2016). To the extent remand was ordered, such ruling was in Plaintiff's favor and consistent with her own motion. (*See* Case No. 1:14CV751, Docket Entry 9.) It appears in the cause of action now pending before the Court, Plaintiff seeks recourse against several individuals involved in her disability claim, including Carolyn Colvin, former Commissioner of the Social Security Administration; Durham County Social Services, the North Carolina Disability Determination Services; Ripley Rand, former United States Attorney for the Middle District of North Carolina; Robert S. Drum, Special Assistant United States Attorney; the North Carolina Department of Health and Human Services; and the Social Security Administration. Plaintiff states that Defendants engaged in "fraud, corruption, bias, malpractice, [and] negligence [by] falsifying physicals, RFCs, MRFCs, and other deceitful documents the defendants placed in plaintiff's file . . . without first obtaining her informed consent[.]" (Complaint, Docket Entry 1 at 1.) Plaintiff further asserts that Defendants "failed to order any internal diagnostic imaging regarding any

3

of the plaintiff's chief complaints" and that she has been "deprived of her rights to obtain appropriate healthcare." (*Id.* at 1-2.) She further alleges that Defendants have breached standards of care and have engaged in criminal acts entitling Plaintiff to monetary damages in the amount of 3.5 million dollars. (*Id.* at 1-3.) Plaintiff also asks the Court to award her social security benefits as her "uterine tumors are growing larger" and she is "becoming more and more visually impaired, can barely walk, [and] feel[s] dizzy, weak, faint, light headedness and fatigue when standing and walking[.]" (Docket Entry 3 at 3.)

To the extent Plaintiff desires the Court engage in appellate review of her disability claim, the Court has already done so. *See Hester*, 2016 WL 5477614, at *2. Additionally, Plaintiff's claims against the Social Security Administration (an agency for the federal government) are barred under the doctrine of sovereign immunity. *Research Triangle v. Bd. of Gov. of Fed. Reserve Sys.*, 132 F. 3d 985, 987 (4th Cir. 1997). "Individuals may not sue the United States or its agencies without their consent." *Carter v. Ervin*, No. 0:14-CV-00865-TLW, 2014 WL 2468351, at *4 (D.S.C. June 2, 2014) (citing *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)). This also applies to Defendants Carolyn Colvin, Ripley Rand and Robert S. Drum working in their official capacities as federal employees. *Superior Fibre Prod., Inc. v. United States Dep't of the Treasury*, 156 F. Supp. 3d 54, 63 (D.D.C. 2016) ("As a general rule . . . federal employees acting in their official capacities are protected from suit by the doctrine of sovereign immunity, unless the United States has expressly waived that immunity."); *Boron Oil Co. v. Downie*, 873 F.2d 67, 71 (4th Cir. 1989) (internal quotations and citation omitted) ("An action against a federal agency or official will be treated as an action against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public

administration, or if the effect of the judgment would be to restrain the Government from acting, or compel it to act.").

Additionally, any claims against these Defendants permitted under the Federal Tort Claims Act ("FTCA") should be dismissed. Through the FTCA, Congress has waived sovereign immunity for certain tort claims against the United States. *See* 28 U.S.C. § 1346(b)(1). "When federal employees are sued for damages for harms caused in the course of their employment, the [FTCA] generally authorizes substitution of the United States as the defendant." *Hui v. Castaneda*, 559 U.S. 799, 801 (2010). In order for a district court to have jurisdiction over FTCA claims, however, the claimant must first present the claim to the appropriate federal agency, and the agency must have denied the claim. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(b)(1); *Bullard v. Scotland Health Care Sys.*, No. 1:09CV362, 2009 WL 2872717 at *4 (M.D.N.C. Sept. 3, 2009). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (internal quotations and citation omitted). Here, there is no indication here that Plaintiff completed administrative exhaustion. Thus, any claims permitted under the FTCA should be denied for lack of subject matter jurisdiction.

As with the federal Defendants, the North Carolina Disability Determination Services ("NCDDS") and the North Carolina Department of Health and Human Services ("NCDHHS") are also immune from Plaintiff's suit regarding monetary damages. The Eleventh Amendment, with certain exceptions, prohibits actions in federal court by individuals against a state unless the state has consented to suit or unless Congress has lawfully abrogated the states' Eleventh Amendment immunity. *Ballenger v. Owens*, 352 F.3d 842, 844-45 (4th Cir.

5

2003). The doctrine of sovereign immunity under the Eleventh Amendment applies not only to actions in which the State is a named defendant, but also to actions against its departments, institutions, and agencies. *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) ("This immunity extends as well to state agencies and other government entities properly characterized as 'arm[s] of the State.'")). Thus, a suit against Defendants NCDDS[2] and NCDHHS is a suit against the State of North Carolina. No consent has been given, nor has immunity been waived; therefore any claims against these Defendants should be dismissed.

Moreover, Defendant Durham County Department of Social Services appears to be an improper defendant in this action. Under North Carolina law, a county is an entity that can sue and be sued. N.C. Gen. Stat. § 153A-11. "There is no corresponding statute allowing suit against a county's DSS." *Powell v. Nash Cty. Dep't of Soc. Servs.*, No. 5:14-CV-281-FL, 2014 WL 4055831, at *2 (E.D.N.C. July 22, 2014), *report and recommendation adopted*, No. 5:14-CV-281-FL, 2014 WL 4062715 (E.D.N.C. Aug. 14, 2014); *see also Malloy v. Durham Cty. Dep't of Soc. Servs.*, 58 N.C. App. 61, 66, 293 S.E.2d 285, 288-89 (1982) ("[T]he Durham County Department of Social Services is not "the county involved," in that it is not a county at all[.]"). Thus, the claims against it should be dismissed. *Powell*, 2014 WL 4055831, at *2 ("Plaintiff's claims against Nash County DSS must be dismissed given that it is an agency or department of Nash County and does not have the legal capacity to be sued."); *Moua v. Alexander Cty.*, No.

---

[2] NCDDS is a part of the division of Vocational Rehabilitation in the North Carolina Department of Health and Human Services. *See* https://www.ncdhhs.gov/divisions/dvrs; http://dds.its.state.nc.us/default.asp.

6

5:09CV19-V, 2012 WL 252648, at *6 (W.D.N.C. Jan. 26, 2012) (Plaintiffs' claims against Alexander County DSS are dismissed given that, pursuant to North Carolina law, the Department of Social Services, an agency of Alexander County, does not have the legal capacity to be sued.").

To the extent Plaintiff seeks criminal prosecution against Defendants, such request is beyond the Court's authority in this civil action. "[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also U.S. ex rel. Bunk v. Gosselin World Wide Moving, N.V.*, 741 F.3d 390, 406 (4th Cir. 2013) (citation omitted) ("[I]n the criminal context, it is taken for granted that prosecutors enjoy substantial discretion with regard to the persons and offenses they elect to charge."). As such, Plaintiff as a private citizen has no "enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973)). Thus, to the extent criminal prosecution is sought, "such allegations have no basis in law." *Brown v. United States*, No. 2:15-CV-4065-PMD-MGB, 2016 WL 1104728, at *6 (D.S.C. Feb. 29, 2016), *report and recommendation adopted*, No. 2:15-CV-4065-PMD-MGB, 2016 WL 1089385 (D.S.C. Mar. 21, 2016). *See also Hill v. State of N. Carolina*, No. 1:16CV323, 2016 WL 4486168, at *1 (M.D.N.C. Aug. 25, 2016) ("Plaintiff should be aware that nongovernmental parties cannot litigate criminal complaints."); *Fuller v. Com. of Va.*, 51 F.3d 266 (4th Cir. 1995) ("[P]rivate citizens have no right to insist on criminal prosecution.").

In sum, Plaintiff's claims against several Defendants are barred under immunity doctrines, or are claims that are not cognizable under law. Additionally, even given the most

liberal pleading requirements, the burden is upon Plaintiff to "set forth facts sufficient to allege each element of his claim." *Dickson v. Microsoft Corp.*, 308 F.3d 193, 213 (4th Cir. 2002), *cert. denied*, 539 U.S. 953 (2003). Plaintiff has failed to meet the pleading requirements.[3]

For the reasons stated herein,

**IT IS HEREBY ORDERED** that *in forma pauperis* status is granted for the sole purpose of entry of this Order. **IT IS FURTHER ORDERED** that Plaintiff motions (Docket Entries 5, 12, 15, 16) are **DENIED** as moot in light of the undersigned's recommendation.

**FURTHERMORE, IT IS RECOMMENDED** that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and (to the extent discussed herein as to several claims), for lack of jurisdiction.

Joe L. Webster<br>
United States Magistrate Judge

January 26, 2017
Durham, North Carolina

---

[3] The Court also finds that Plaintiff has not asserted any plausible state law claims. Even if such claims could be gleaned from the allegations in Plaintiff's complaint, the Court should decline jurisdiction over such claims. *McHam v. Wells Fargo Bank*, No. 1:14CV997, 2014 WL 7186924, at *4 (M.D.N.C. Dec. 17, 2014) ("Because the undersigned has recommended dismissal of all of Plaintiffs' federal-law claims and only state-law claims remain, the undersigned will additionally recommend that the Court decline to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims.").

8

Case 1:16-cv-00410-NCT-JLW   Document 19   Filed 01/26/17   Page 8 of 8